UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| AMANDA ADAMS, ET AL | CIVIL ACTION NO. 14-cv-0757 |
| VERSUS | JUDGE DRELL |
| WAL-MART STORES, INC. | MAGISTRATE JUDGE HORNSBY |

### MEMORANDUM RULING

**The Motion to Remand**

Amanda and Sam Adams ("Plaintiffs") filed suit against Wal-Mart in state court for damages allegedly suffered after a board of fabric fell from a top shelf in the fabric department and hit Amanda on her head. Plaintiffs allege that Wal-Mart was negligent for not instructing its employees how to properly stack the fabric, allowing the fabric to be stacked at an unreasonable height without protection, and failing to warn patrons that the fabric was not secure. Wal-Mart removed the case based on an assertion of diversity jurisdiction.

Plaintiffs, who are Louisiana citizens, have filed a Motion to Remand (Doc. 9) based on an assertion that it is necessary to join as defendants Wal-Mart employees who are also Louisiana citizens, which would destroy diversity. Plaintiffs assert that they recently learned, through Wal-Mart's answers to discovery requests, of the names of employees allegedly responsible for the negligence. The cited discovery includes an answer by Wal-Mart to a request for the names of the fabric department manager and store manager. Wal-

Mart also provided the names of two individuals who are believed to have worked in the fabric department during the time of the alleged accident. Wal-Mart stated in another answer that it was unknown who last stacked the fabric before the accident. Nothing in the discovery responses indicates that any of the persons named did anything that could be described as negligence or fault related to the accident. They are merely identified as employees connected to the fabric department.

The **Motion to Remand (Doc. 9)** is **denied** because remand is neither required nor appropriate based on the mere identification of non-diverse potential defendants who a plaintiff states might be joined. If Plaintiffs wish to attempt to add any individual defendants, they should file a motion for leave to amend and accompany it with a proposed amended complaint that identifies the proposed new defendants and sets forth allegations against them which it believes are adequate to state a claim upon which relief may be granted.

If Plaintiffs seek such an amendment, and the joinder of the proposed new defendant(s) would destroy subject matter jurisdiction, the court may (1) deny joinder or (2) permit joinder and remand the case. 28 U.S.C. § 1447(e). The court's decision of the issue is guided by the factors set forth in Hensgens v. Deere & Co., 833 F.2d 1179 (5th Cir. 1987). See also Cobb v. Delta Exports, Inc., 186 F.3d 675, 678-79 (5th Cir. 1999). Although leave to amend is ordinarily freely granted, Hensgens instructs that when a district court is faced with an amendment that adds a non-diverse party it "should scrutinize that amendment more closely than an ordinary amendment." Id. at 1182.

The court must balance the defendant's interests in maintaining the federal forum with the competing interest of not having parallel lawsuits. Factors to be considered include (1) the extent to which the purpose of the amendment is to defeat federal jurisdiction, (2) whether the plaintiff has been dilatory in asking for the amendment, (3) whether the plaintiff will be significantly injured if the amendment is not allowed, and (4) any other factors bearing on the equities. Hensgens, 833 F.2d at 1182; Hawthorne Land Co. v. Occidental Chemical Corp., 431 F.3d 221, 227 (5th Cir. 2005).

Local Rule 7.6 requires that any motion for leave to amend that proposes to add a party that may destroy diversity of citizenship in a removed case must include notification to the court of that issue and an accompanying memorandum that sets forth facts relevant to the determination that will have to be made under Section 1447(e) and the Hensgens factors discussed above. If Plaintiffs attempt to add a non-diverse store manager or employee, Plaintiffs should also specifically explain in their memorandum why each proposed defendant is potentially personally liable and the claim is not precluded by Canter v. Koehring Co., 283 So.2d 716 (La. 1973) and related jurisprudence. Under Louisiana law, a store manager or other employee may not be held liable for an invitee's injury on store premises unless four distinct Canter criteria are satisfied. Carter v. Wal-Mart Stores Inc., 2005 WL 1831092 (W.D. La. 2005) (Drell, J.) (plaintiffs, who were injured when a metal display rack fell, had no claim against Wal-Mart managers and employee) and Carino v. Wal-Mart Louisiana, LLC, 2006 WL 335784 (W.D. La. 2006) (Melancon, J.) (collecting cases where injured customers were found to have no claim against store managers).

**Wal-Mart's Allegations of Citizenship**

Wal-Mart, as the removing party, has the burden of establishing diversity of citizenship. That burden includes alleging its own citizenship in accordance with the rules for an LLC as set forth in Harvey v. Grey Wolf Drilling Co., 542 F.3d 1077 (5th Cir. 2008). If the members are themselves partnerships, LLCs, corporations or other form of entity, their citizenship must be alleged in accordance with the rules applicable to that entity, and the citizenship must be traced through however many layers of members or partners there may be. Feaster v. Grey Wolf Drilling Co., 2007 WL 3146363 (W.D. La. 2007). The court has explained the need for such detail in cases such as Burford v. State Line Gathering System, LLC, 2009 WL 2487988 (W.D. La. 2009).

The notice of removal in this case identifies Wal-Mart Stores East, LP as the sole member of Wal-Mart Louisiana, LLC. It does not go on to identify with specificity the member(s) of the LP. It does refer to the LP as "an indirectly, wholly owned subsidiary" of Wal-Mart Stores, Inc., which is incorporated in Delaware and has its principal place of business in Arkansas. That does not, however, provide with specificity the layers of information needed to ensure diversity.

Wal-Mart has alleged detailed information about its layers in other cases, such as in paragraph 5 of the notice of removal in Riggio v. Wal-Mart, 14 CV 0442. The result may be the same in the end, but the detail is needed to avoid a waste of time and resources such as in Howery v. Allstate, 243 F.3d 912 (5th Cir. 2001), where Allstate saw a favorable judgment slip away on appeal because it neglected to plead all details of its citizenship when

in district court. Similarly, the Court in <u>Mullins v. TestAmerica, Inc.</u>, 2008 WL 4888576 (5th Cir. 2008) refused to consider the merits of an appeal until the record distinctly and affirmatively alleged the citizenship of a limited partnership. The Court turned to the merits only after the citizenship had been traced, with specificity, "down the various organizational layers" and in accordance with the rules that apply to the various forms of entities. <u>Mullins v. TestAmerica Inc.</u>, 564 F.3d 386, 397-98 (5th Cir. 2009). Wal-Mart is directed to file an amended notice of removal no later than **July 18, 2014** and make detailed allegations of its citizenship.

  THUS DONE AND SIGNED in Shreveport, Louisiana, this 26th day of June, 2014.

_____
Mark L. Hornsby
U.S. Magistrate Judge